RECORD NO. 13-4217

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LENORA BANKS-DAVIS,
a/k/a Jacqui Banks-Davis,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

**OPENING BRIEF OF APPELLANT
LENORA BANKS-DAVIS**

Andrew A. Protogyrou
PROTOGYROU & RIGNEY, P.L.C.
BB&T Building, Suite 1520
500 East Main Street
Norfolk, Virginia 23510
(757) 625-1775
protogyrou@prlaw.org

*Counsel for Appellant*

September 25, 2013

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

JURISDICTIONAL STATEMENT ................................................................... 1

STATEMENT OF ISSUES ................................................................................ 2

STATEMENT OF THE CASE .......................................................................... 3

STATEMENT OF THE FACTS ....................................................................... 5

SUMMARY OF ARGUMENT ......................................................................... 8

ARGUMENT ....................................................................................................... 6

I.     THE DISTRICT COURT ERRED WHEN IT CONVICTED
THE APPELLANT OF COUNTS ONE AND TWO OF THE
INDICTMENT AS THE EVIDENCE WAS INSUFFICIENT
TO SUPPORT THOSE CONVICTIONS ............................................ 9

     STANDARD OF REVIEW ................................................................. 9

         A.    Argument on Issue I ................................................................. 9

CONCLUSION .................................................................................................. 12

REQUEST FOR ORAL ARGUMENT ........................................................... 13

CERTIFICATE OF COMPLIANCE ............................................................. 13

CERTIFICATE OF FILING AND SERVICE ............................................. 14

# TABLE OF AUTHORITIES

## CASES

*United States v. Brandon*,
  298 F.3d 307 (4th Cir. Va. 2002) ............................................................9, 10

*United States v. Burgos*,
  94 F.3d 849 (4th Cir. 1996) ...........................................................................9

*United States v. Goodchild*,
  25 F.3d 55 (1st Cir. N.H. 1994) ...................................................................10

*United States v. Hickman*,
  626 F.3d 756 (4th Cir. Md. 2010) ................................................................11

*United States v. Mancuso*,
  42 F.3d 836 (4th Cir. N.C. 1994) ...................................................................9

*United States v. Otuya*,
  720 F.3d 183 (4th Cir. Md. 2013) ..................................................................9

*United States v. Tresvant*,
  677 F.2d 1018 (4th Cir. 1982) .......................................................................9

## STATUTES

18 U.S.C. § 1028A .................................................................................................3
18 U.S.C. § 1029(a)(5) .....................................................................................3, 10
18 U.S.C. § 1029(c)(1)(A)(ii) .................................................................................3
18 U.S.C. § 1344 ................................................................................................3, 9
28 U.S.C. § 1291 ....................................................................................................1

## **JURISDICTIONAL STATEMENT**

This case originated in the United States District Court for the Eastern District of Virginia, Richmond Division ("the District Court"). After a jury trial that concluded on September 12, 2012, the Appellant, Lenora Banks-Davis (hereinafter, "Appellant"), was found guilty of two felony offenses. After a sentencing hearing conducted on March 7, 2013, the District Court entered an Order of Judgment on March 11, 2013, convicting Appellant of the felonies and sentencing her for those offenses.

Appellant timely filed a Notice of Appeal in the District Court on March 14, 2013. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## **STATEMENT OF THE ISSUES**

I. Did the District Court err by convicting the Appellant of Counts One and Two of the Indictment as the evidence was insufficient to support those convictions?

## STATEMENT OF THE CASE

On May 22, 2012, a federal grand jury returned a three-count Indictment against Appellant (JA 13)[1]. The Indictment charged Appellant with the following three offenses: bank fraud, in violation of 18 U.S.C. § 1344 ("Count One"); unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(5) and (c)(1)(A)(ii) ("Count Two"); and aggravated identity theft, in violation of 18 U.S.C. § 1028A ("Count Three").

Trial began on September 11, 2012 and the Government rested its case on September 12, 2012. The defense rested its case on the same day without calling any witnesses. After final arguments of counsel on September 12, 2012, the jury began its deliberations.

The jury returned its verdict on September 12, 2012. Appellant was found guilty of Counts One and Two of the three counts with which she was charged.

On March 7, 2013, the District Court conducted a sentencing hearing. The District Court sentenced the Appellant as follows: on Count One, imprisonment for 120 months; on Count Two, imprisonment for 120 months; concurrent. (JA 588) The District Court also imposed a five year term of supervised release on Count One and a three year term of supervised

---

[1] All references to "JA" are to the Joint Appendix filed herewith.

3

release on Count Two, concurrent. (JA 588) The District Court also imposed a special assessment of one hundred dollars ($100.00) for each count of conviction. (JA 588) The District Court entered an Order of Judgment on March 11, 2013. (JA 587).

The Appellant filed a Notice of Appeal in the District Court on March 14, 2013. (JA 593). A *pro se* Notice of Appeal was filed by the Appellant on March 15, 2013. (JA 595)

4

## **STATEMENT OF THE FACTS**

At trial, the Government alleged from May 2009 until November 2009, the Appellant knowingly and unlawfully executed a scheme to defraud and obtain money or funds under the custody and control of BB&T Bank. (JA 42, 67-86) The Appellant allegedly did this by making false representations to obtain Portia Turner's (hereinafter "Turner") BB&T Visa Credit Card (hereinafter "Credit Card"). (JA 67-86)

Turner testified meeting with the Appellant where they discussed consolidating and paying off Turner's personal bills and she believed the Credit Card would be used to that end. (JA 69-70, 72) When asked what she would have done if Appellant had stated she wanted to use the Credit Card for her own personal expenses, Turner responded that she would have said no. (JA 72) However, Turner allowed the Appellant to take the Credit Card with her. (JA 72-73) Also, as part of their alleged arrangement, the Appellant would tell Turner how much to pay on the Credit Card every month. (JA 73)

Turner testified she did not review her first Credit Card statement when it arrived in June 2009 even though the Appellant had possession of the Credit Card. (JA 75-76) Turner did not call BB&T to notify them of any issues with the Credit Card until the following year despite her alleged

5

concerns that Appellant was using the Credit Card for personal expenses. (JA 80)   Further, Turner acknowledged that Appellant paid some of Turner's bills using the Credit Card. (JA 82)

Turner acknowledged she told the Appellant to open a credit card of her own, which was in Turner's name, in the late 1990's or early 2000's. (JA 59)   Also, at that time, the Appellant accepted full responsibility for the credit card balances so that creditors would stop contacting and harassing Turner. (JA 56, 196-198)   Despite any confusion that may have arose during that time period, Turner paid the Appellant approximately $700 for her assistance. (JA 73)

Throughout Turner's testimony, she was unable to recall many details. For example, she could not recall when her initial meeting with the Appellant regarding the BB&T Credit Card occurred. (JA 68)  Also, Turner never testified that her and the Appellant clearly defined what the Credit Card would be used for and that it would only be used for Turner's bills. (JA 71-72)  On cross-examination, Turner was unable to recall many details about her arrangement with the Appellant and whether she initiated the contact with Appellant to ask for help. (JA 125)

The Government also presented numerous witnesses who testified the Appellant used a Credit Card in Portia Turner's name. (JA 206-208, 219-

6

220, 230, 237-238, 243, 262)  None of these witnesses questioned the Appellant's authority to use the Credit Card and none of these witnesses were contacted by BB&T or Turner regarding the Appellant's use of the Credit Card.  Id.

Lastly, Britney Wampler of BB&T Bank testified that six cases of Mona Via were ordered using the Credit Card.  (JA 282-283)  Ms. Wampler confirmed that Mona Vie is a wellness drink.  (JA 324-325)  Turner was unable to recall if the Appellant brought her any of the Mona Via; however, Turner confirmed the Appellant brought her many things.  (JA 328-329)

## SUMMARY OF ARGUMENT

The Government prosecuted this case under the theory that the Appellant did not have authority to use Turner's BB&T Credit Card for her own personal matters. Instead, the Government alleges the Appellant was authorized to use the BB&T Credit Card only for paying off and consolidating Turner's bills. The evidence introduced at trial, however, is not consistent with such a finding.

Appellant's convictions under Counts One and Two required a finding that Appellant knowingly executed or attempted to execute a scheme to defraud and that the Appellant acted with the intent to defraud. To support such a finding, the Government needed to present evidence to clearly establish the nature of the agreement between Turner and the Appellant. The evidence introduced at trial was not sufficient to establish the nature of the agreement and; therefore, was insufficient to support these convictions.

## ARGUMENT

I. **THE DISTRICT COURT ERRED WHEN IT CONVICTED THE APPELLANT OF COUNTS ONE AND TWO OF THE INDICTMENT AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THOSE CONVICTIONS.**

### STANDARD OF REVIEW

In determining whether the evidence presented at trial is sufficient to support a conviction, the United States Court of Appeals for the Fourth Circuit views the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d 849, 962 (4th Cir. 1996) (*en banc*). In addition, this Court will allow "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

A. **Argument on Issue I**

To obtain a conviction for bank fraud under 18 U.S.C. § 1344, the government must demonstrate that the defendant knowingly executed a scheme to defraud a financial institution and that the defendant did so with the intent to defraud. United States v. Brandon, 298 F.3d 307, 312 (4th Cir. Va. 2002); see also United States v. Otuya, 720 F.3d 183, 188 (4th Cir. Md. 2013); United States v. Mancuso, 42 F.3d 836, 847 (4th Cir. N.C. 1994). The Government satisfies the intent element with proof that the defendant knowingly exposed a financial institution to actual or potential risk of loss

9

through the scheme to defraud. United States v. Brandon, 298 F.3d 307, 312 (4th Cir. Va. 2002).

Further, to obtain a conviction under 18 U.S.C. § 1029(a)(5) and (c)(1)(A)(ii) the Government must demonstrate that the defendant used an access device issued to another person during any one-year period, and in so doing obtained anything of value amounting to $1,000. As is the case with Bank Fraud, the Government must also demonstrate that the defendant acted knowingly, willfully and with intent to defraud. See United States v. Goodchild, 25 F.3d 55 (1st Cir. N.H. 1994).

In this case, the evidence presented was insufficient to establish that the Appellant acted with the intent to defraud. Turner testified about a plan regarding her personal bills but she never clearly testified what that plan entailed. Further, it is clear from Tuner's testimony that the Appellant's personal use of the credit card was not clearly discussed or defined at their initial meeting. The Appellant was allowed to leave Turner's house with the Credit Card and, considering the history between the parties, it is reasonable to believe Appellant thought she had authority to use same to aid both Turner and herself.

Also, Turner explained that the Appellant always brought her many things and she was unable to recall exactly what the Appellant brought her.

10

It is reasonable that some purchases on the Credit Card were for items intended for Turner. Interestingly, Turner was unable to recall many aspects of the arrangement with the Appellant and testified with certainty only when explaining that had she known Appellant would use the Credit Card for her own personal items, Turner would have said no. This speculative statement is not enough to establish what authority the Appellant had or believed she had. Further, this statement improperly invited the jury to speculate as to the nature of the agreement between Turner and Appellant, instead of presenting clear evidence of same. See United States v. Hickman, 626 F.3d 756 (4th Cir. Md. 2010)

There is no dispute the Appellant used the Credit Card at various places in the Richmond area. In fact, the Appellant readily explained to some that she had authority to use Turner's Credit Card and no one questioned this representation. However, evidence to establish that the Appellant used the Credit Card knowing she did not have authority needed to come from Turner and the Government did not meet its burden in this regard. At best, Turner testified what her response would have been but she did not clearly describe the agreement between the two nor did she establish that she had a clear memory of the meeting. Instead, she confirmed that she

allowed Appellant to take custody of the Credit Card and she did not contact BB&T about the alleged unauthorized use for almost a year.

At the trial of this matter, the Government failed to establish the Appellant did not have authority or that she knew she did not have authority to use Turner's Credit Card and thus acted with intent to defraud. Therefore, the evidence presented at the trial of this matter was insufficient to establish that the Appellant committed Bank Fraud or used an access device without authority.

## **CONCLUSION**

Therefore, Appellant, by counsel, respectfully requests that this Honorable Court vacate all convictions and dismiss the indictment with prejudice.

Respectfully submitted this 25th day of September, 2013.

**LENORA BANKS-DAVIS**

**By:** _____/s/_____

Andrew A. Protogyrou, Esquire
Virginia State Bar No. 27253
Protogyrou & Rigney, P.L.C.
500 East Main Street, Suite 1520
Norfolk, Virginia 23510
Telephone: (757) 625-1775
Fax: (757) 625-1887
protogyrou@prlaw.org

## REQUEST FOR ORAL ARGUMENT

Counsel for the Appellant respectfully requests oral argument before this Honorable Court.

## CERTIFICATE OF COMPLIANCE

1. This brief has been prepared using Microsoft Word software, Times New Roman 14 point font.

2. Exclusive of the table of contents, table of citations, statement with respect to oral argument, and the certificate of service, this brief contains 1,902 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the word or line print-out.

September 25, 2013                              /s/
                                         Andrew A. Protogyrou

# **FILING AND MAILING CERTIFICATE**

I hereby certify that on this 25th day of September, 2013, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required copies of this Brief of Appellant and Joint Appendix via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

>Michael R. Gill, Esquire
>UNITED STATES ATTORNEY'S OFFICE
>600 E. Main Street, Suite 1800
>Richmond, Virginia 23219
>Telephone: (804) 819-5400
>Email: mike.gill@usdoj.gov

The necessary filing and mailing was performed in accordance with the instructions given me by counsel in this case.

>/s/
>May Serafim
>Lantagne Legal Printing
>801 East Main Street, Suite 100
>Post Office Box 2472
>Richmond, Virginia 23219-2472